JONES, JUDGE:
As the same facts apply to each of the above styled claims, the cases were consolidated and heard together and wilL be considered and decided together in this opinion.
*81 Much of 'the evidence in this case is not subject to question or controversy. On May 30, 1968, at about 9:30 a.m. Jo Anna Samples, the owner of a 1964 Volkswagon, was driving the vehicle in a westerly direction along West Virginia State Route No. 4 from her home at Procious in Clay County to Clendenin in Kanawha County, accompanied by her daughters, Fonda Ann, twelve years of age, Penny, seventeen years of age, and Leta, fifteen years of age, and a young friend 'and schoolmate of the children, Consuelo Bedoya. As the vehicle proceeded along the highway in a lawful manner, at a point approximately 1.3 miles west of the Clay County line, a large tree, 24 inches in diameter, fell from the top of the embankment along the north side of the highway and struck the top of the Samples vehicle with great force, causing the death of Fonda Ann Samples, 'and injuries to Jo Anna Samples, Penny Samples 'and Leta Samples. The roots of the tree came to rest at the bottom of the slope and its trunk extended completely across the highway to the bank of the Elk River. When the Samples vehicle was struck it was thrown partially into the left traffic lane and into an automobile operated by James Burdette, who had observed the falling tree and was almost stopped a few feet short of the crash. For several weeks prior to the occurrence, the respondent had been engaged in dynamiting, excavating and removing large quantities of earth ■and rock from the steep embankment on the north side of the highway. Work had stopped for the May 30th holiday and no workmen were present. Photographs taken on the same day showed the exposed roots of trees and overhanging rocks at the top of the excavation. It was raining and the weather had been rainy for some time.
Both Burdette and his passenger saw the tree start to move from the hillside and then descend with great speed and force. They foresaw that the tree would strike the Volkswagon and Burdette, being somewhat farther from the falling tree, was barely able to avoid the same misfortune.
In most falling rock and falling tree cases, the State has been held not liable. The principal involved was well stated by Judge Petroplus in the claim of Etta A. Parsons versus the State Road Commission, Claim No. D-112, as follows: “This Court has many times held that the State is not a *82 guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer 'and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances. The case of Adkins v. Simms, 130 W.Va. 645, 46 S.E. (2d) 81, decided in 1947, holds that the user of the highway travels at his own risk, and that the State does not and cannot assure him a safe journey. The maintenance of highways is a governmental function 'and funds available for road improvements are necessarily limited.” In the Adkins case, however, the Supreme Court of Appeals of West Virginia further said: “We do not mean to say that situations may not 'arise where the failure of the road commissioner properly to maintain a highway, and guard against accidents, occasioned by the condition of the road, may not be treated as such positive neglect of duty as to create a moral obligation against the State, for which the Legislature may appropriate money to pay damages which proximately resulted therefrom.”
In this case, practically no defense was put forward by the respondent; and the Court has no doubt that the excavation of the embankment had weakened the upper levels of the hillside, causing the tree to fall down and across the highway, and that this unsafe condition was carelessly permitted to exist over a holiday period without anyone on the job to inspect or supervise the area.
The several claims include items of damages substantially as follows:
Creed Samples, Administrator of the Estate of Fonda Ann Samples, deceased, claims $10,000.00 for the wrongful death of his daughter, together with necessary funeral expenses in the amount of $1,065.49, a total claim of $11,065.49;
Creed L. Samples, in his own right, claims damages in the amount of $10,000.00 for burial and medical expenses incurred, and for the loss of his wife’s services;
Jo Anna Samples claims damages in the amount of $20,000.00 for her personal injuries, pain and suffering, medical expenses and automobile damages;
*83 Penny Samples, a minor who sues by her father and next friend, Creed L. Samples, claims damages in the amount of $10,000.00 for her personal injuries, pain and suffering; and
Leta Samples, a minor who sues by her father and next friend, Creed L. Samples, claims damages in the amount of $2,500.00 for her personal injuries, pain and suffering.
This Court’s duty is to decide what claims against the State in equity and good conscience should be paid from public funds; and in our opinion the claimants have clearly proved their right to recover. The Court has considered the evidence pertaining to damages 'and separate awards will be made to each of the claimants as follows:
Creed L. Samples, Administrator of the Estate of Fonda Ann Samples, deceased, is hereby awarded damages in the sum of $10,000.00 for the wrongful death of his daughter, Fonda Ann Samples, and for funeral expenses in the amount of $1,065.49, a total award of $11,065.49;
Creed L. Samples, in his own right, is awarded damages in the amount of $699.84 for out-of-pocket expenses for ambulance, hospital and doctor bills, this amount having been stipulated by the parties as correct, fair and reasonable. Funeral expenses having been awarded to Creed Samples as Administrator, that part of his claim is disallowed, along with his claim for the loss of his wife’s services;
Jo Anna Sample’s claim for damages to her oar in the amount of $861.43 was stipulated by the parties as correct, fair and reasonable, 'and it is allowed. This claimant suffered contusions of both knees and of her chest and sternum, pain and suffering, and great emotional stress, and the Court allows her the sum of $3,000.00 for these injuries. Her claim for loss of wages is disallowed. Accordingly, we hereby award the claimant, Jo Anna Samples, the total sum of $3,861.43;
Penny Samples, now Penny Samples Malone, sustained a fracture of the upper jaw, the displacement of several teeth and damages to others, a comminuted fracture of her left little finger and bruises of both knees and her body. There remains a scar at the base of her left little finger and medical testimony indicates that this claimant will gradually *84 regain strength But will permanently retain some limitation of motion in the little finger. Based upon medical testimony, it was stipulated at the hearing that necessary future medical expenses for the treatment of this claimant’s teeth would cost $1,434.00, and in addition to this sum, the Court allows the sum of $4,000.00 for her injuries, and hereby awards the claimant, Penny Samples Malone, the sum of $5,434.00; and
Leta Samples received a blow to the forehead and across the top of her head. She has a thin scar over the right side of her forehead and a deeper scar in the fop of the head where there appears to be a foreign body underneath the skin, probably a piece of glass or wood, according to the examining physician, and the area is tender to the touch. The physician recommended that this foreign substance be removed. This claimant further testified that she suffered occasional headaches as a result of pressure on the scarred area in the top of her head and also some breaking-out at the point of the scar on her forhead. The Count hereby awards the claimant, Leta Samples, the sum of $1,250.00.